**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**DOUG MICAH CARROLL, #L3714**                                                          **PLAINTIFF**

**VERSUS**                                            **CAUSE NO. 2:12-CV-203-KS-MTP**

**JOHNNIE DENMARK, ET AL.**                                                         **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Carroll, an inmate of the Mississippi Department of Corrections (MDOC), filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983, on November 8, 2012. Plaintiff was granted permission to proceed *in forma pauperis* on December 13, 2012. The named Defendants are Johnnie Denmark, Warden at South Mississippi Correctional Institution (SMCI); Ron King, Superintendent of SMCI; Mae McCary, Officer at SMCI; and E. L. Sparkman, Deputy Commissioner of MDOC. Upon liberal review of the Complaint and Response [9], the Court has reached the following conclusions.

Plaintiff complains about a rule violation report (RVR) issued to him at SMCI on August 3, 2012, for faking an illness or injury. Plaintiff was found guilty of the violation. Plaintiff asserts various complaints regarding the RVR and disciplinary process which he claims amounts to a violation of MDOC policy and a violation of his constitutional rights. Plaintiff's major contention is based on his belief that faking an illness or injury is only considered a minor rule violation under MDOC policy, however, the complained of RVR was incorrectly classified as a major violation, thereby subjecting him to more severe punishment than he would have received for being found guilty of a minor violation. As punishment for the complained of RVR Plaintiff

states that he was removed from "trusty" status for six months.[1] Plaintiff also complains that he was moved to a maximum security unit and just 16 days later "transferred away from SMCI." Resp. [9] at 2. As relief, Plaintiff is requesting monetary damages.

I. Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the Court has permitted the Plaintiff to proceed *in forma pauperis* in this action, his Complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Resident Council of Allen Parkway Vill. v. United States Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820 (1993). Initially, the Court notes that an inmate does not have a constitutional right to serve a sentence in any particular institution, or to be transferred or not transferred from one facility to another. *See*

---

[1] Plaintiff also states that as an "armed robbery offender" he cannot receive any kind of "earned time" against his sentence, therefore approval of an RVR that imposes punishment of the "loss of earned time" violates MDOC policy and state law. Resp. [9] at 4. It appears Plaintiff's reference to the alleged loss of earned time refers to previous violation reports (#1142064, #1208108) mentioned in his Complaint. In direct response to the Court's question regarding the punishment imposed for the complained of RVR (# 01285564), plaintiff states "loss of 6 months trusty status." *Id.* at 5. As explained by the Mississippi Supreme Court, "[t]rusty time is a reduction in sentence which may be granted in addition to any other administrative reduction in sentence to an offender in trusty status as defined by the classification board of MDOC." *Golden v. Epps*, 958 So.2d 271, 274 n.2 (Miss.2007)(citing Miss.Code Ann. § 47-5-138.1 (Rev.2004)).

*Olim v. Wakinekona*, 461 U.S. 238, 249-50 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir.1996). Nor does an inmate have a constitutional right to receive a certain custodial classification while incarcerated. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995). Furthermore, the classification of prisoners in certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention." *McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir.1990)(citations omitted).

At best, Plaintiff is asserting that his constitutional rights were violated under the Due Process Clause when his classification level was changed and any accompanying privileges of "trusty status" were lost. To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995). The denial of prison privileges or the classification of the Plaintiff in a certain level of custody is not an "atypical and significant hardship" of prison life. *See Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003)(noting that "this circuit has continued to hold post-*Sandin* that an inmate has no protectable liberty interest in his classification" and remanding case to determine if lockdown status for thirty years was "atypical" under *Sandin*). Simply put, the protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (finding inmate's thirty day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *see also Parker v. Currie,* 359 F. App'x 488, 490 (5th Cir. 2010)(holding an inmate's "mere

disagreement with a [custodial] classification is insufficient to establish a constitutional violation"). In sum, Plaintiff does not have a constitutionally protected right to a certain classification level (including trusty status) and any accompanying privileges while in prison.

Also, Plaintiff is not entitled to relief under § 1983 based on his claim that MDOC policy and procedure was violated by the complained of rule violation report and resulting disciplinary process. These allegations, without more, simply do not rise to a level of constitutional deprivation. *Jones v. Hudnell*, 210 F. App'x 427, 428 (5th Cir. 2006) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986))("A violation of prison regulations, without more, does not give rise to a federal constitutional violation."); *see also Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005)(holding inmate does not have a federally protected liberty interest in having prison grievances resolved to his satisfaction).

## II. Conclusion

As explained above, Plaintiff's change in his custody level or classification status and resulting loss of accompanying prison privileges, does not amount to a constitutional deprivation. Therefore, this case is dismissed as frivolous, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i), with prejudice. *See Pichardo v. Kinker,* 73 F.3d 612, 613 (5th Cir. 1996)(affirming frivolous dismissal of § 1983 suit arising out of classification level); *Sharp v. Anderson*, No. 99-60676, 2000 WL 960568, at *1 (5th Cir. 2000)(dismissed as frivolous appeal of § 1983 suit regarding disciplinary violation and resulting placement in segregation).

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."[2] If Plaintiff receives "three strikes" he

---

[2]28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior

4

will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment will be entered in accordance with this Memorandum Opinion.

SO ORDERED AND ADJUDGED this the 9th day of January, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."